■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN TAYLOR, Appellant, v. J. L. CASSOLES, as Superintendent of the Ossining Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered February 10, 1970, which dismissed the writ after a hearing. Judgment affirmed, without costs. In 1961 relator, while on parole from a sentence of 10 to 20 years imposed in 1953 upon a manslaughter conviction, was convicted of a violation of section 1897 of the former Penal Law, sentenced to a term of 2½ to 5 years, and returned to prison to resume service of the manslaughter sentence. In 1963 he was granted parole on the manslaughter sentence for the sole purpose of enabling him to commence serving the 2½ to 5 year sentence. In 1966 he was released from prison on parole, only to be again convicted of manslaughter in 1969 and returned to prison. A six-year sentence was imposed upon this second manslaughter conviction, to be served concurrently with all violations of parole time outstanding. Relator contends that under section 2190 of the former Penal Law his 1953 manslaughter sentence must be deemed to have terminated in 1963 when he was permitted to commence serving the 2½ to 5 year sentence. In our opinion, this contention is without merit. We find nothing in the terms of section 2190, as it existed in 1963 (L. 1939, ch. 624), to support such a construction. On the contrary, subdivison 3 thereof provides that under such circumstances the Parole Board shall retain jurisdiction until the expiration of the maximum term of the sentence (*People ex rel. Robinson* v. *Murphy*, 260 App. Div. 836, mot. for lv. to app. den. 261 App. Div. 1035). Although we have passed upon the merits of this appeal, we note that relator's habeas corpus application was premature (*People ex rel. Jackson* v. *Morhous*, 286 App. Div. 939). Since his 1969 manslaughter sentence has yet to expire, he would not be entitled to immediate release even if his contention were correct. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ REGO CRESCENT CORP., Respondent, v. CITY OF NEW YORK, Appellant. — In this action by a vendee to rescind a contract to sell certain real property and for return of the moneys deposited on account of the purchase price, defendant appeals from an order of the Supreme Court, Queens County, dated August 10, 1970, which denied its motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. In a prior action (*Go-Re Realty* v. *City of New York*) in the Civil Court of the City of New York, defendant obtained a judgment on February 17, 1966 directing specific performance of the contract which the vendee is now attempting to rescind. By decision published in the *New York Law Journal* on May 3, 1968 (p. 18, col. 2) the Appellate Term unanimously affirmed the judgment. While the appeal was pending the building on the property was vandalized in such a manner as to be materially destroyed. The judgment directing specific performance was *res judicata* that plaintiff had breached the contract. The destruction of the property took place after the breach. Because of this breach and plaintiff's further refusal to carry out the judgment directing specific performance, plaintiff is not entitled to a rescission of the contract or a return of the down payment. Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.